UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| RANDY JOE ENSOR | ) | |
| | ) | |
| v | ) | NO. 2:05-CV- |
| | ) | |
| WAYNE ANDERSON and | ) | |
| BRENDA HENSLEY | ) | |

**MEMORANDUM and ORDER**

*Pro se* prisoner Randy Joe Ensor brings this civil rights action for damages under 42 U.S.C. § 1983, alleging that he is being subjected to unconstitutional conditions of confinement. He also alleges that a court order directing his transfer to a state correctional facility is being violated. The Clerk is **DIRECTED** to file this action without prepayment of the filing fee. Since the plaintiff is an inmate in custody at the Sullivan County Detention Center (SCDC), he is **ASSESSED** the civil filing fee of $250.00. 28 U.S.C. § 1915(b)(1).

The custodian of the plaintiff's inmate trust account at the SCDC is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to the plaintiff's account <u>or</u>

(2) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until the $250.00 filing fee has been paid in full.[1] 28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the SCDC, to ensure compliance with the above assessment procedures.

In his complaint, the plaintiff asserts that living conditions at the SCDC are unsanitary (for example, the facility does not furnish glass cleaner); that the facility is overcrowded, with inmates living on top of one another; and that, while the SCDC is tobacco-

---

[1] Send the payments to:

        Clerk, USDC
        220 West Depot St., Ste 200
        Greeneville, TN 37743

2

free, he has seen officers using tobacco, which poses a health risk for him.

Before a prisoner may bring a civil rights action pursuant to 42 U.S.C. § 1983, he must first allege and show that he has exhausted all available administrative remedies. 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte. Brown*, 139 F.3d at 1104.

In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Shorter v. Campbell*, 2003 WL 463480, *2 (6th Cir. Feb. 20, 2003).

In this case, the plaintiff maintains, in section II of his complaint, that he "filed a grievance or grievances," but received no

response. However, he makes no specific allegations as to "any grievance or grievances" he submitted nor does he explain whether those grievances raised each and every claim alleged in his § 1983 complaint, much less attach a copy of the grievances to his complaint. The Sixth Circuit has held that a complaint must be dismissed *sua sponte* where a plaintiff fails to allege exhaustion of administrative remedies with "particularized averments." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). It has also held that every single claim must be exhausted through the grievance system and that the PLRA requires a complete dismissal of a prisoner's complaint when he alleges both exhausted and unexhausted claims. *Bey v. Johnson*, U.S. App. LEXIS 7166, *4 (6th Cir. Apr. 27, 2005).

Consequently, by failing to set out any specifics in connection with his allegations that he submitted grievances, the plaintiff has not satisfied § 1997e(a)'s requirement that he exhaust his administrative remedies with regard to each and every constitutional claim raised in his complaint.

Finally, as to his assertion that an order requiring his transfer to a state facility is being violated, this is not a matter for a federal court, but rather for the state court which issued the order.

4

A separate order will enter dismissing this action without prejudice for failure to exhaust administrative remedies.

**E N T E R**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE